M. A. Dawson *v.* M. V. Babin et al. ·

*The following agreement is sufficient as a confession to authorize a judgment against the obligors and dispenses with service of citation and petition: "We waive citation and service of petition, and confess judgment according to the prayer of the petition of M. V. Babin within, for the sum of three hundred and thirty-five dollars and ninety-two cents, with interest thereon at the rate of eight per cent. per annum, from the 1st of January, 1849, until paid, and costs of suit, with stay of execution until the 1st of December, 1849. March 16, 1849. (Signed,) JAMES C. DAWSON, MARY ANN DAWSON "*

*The wife is bound to support the household expenses, and the expenses of the education of their children alone, if her husband has nothing. C. C. 2409.*

APPEAL from the District Court of East Baton Rouge, *Burk*, J.

*A. M. Dunn*, for plaintiff and appellant.

*A. S. Herron* filed the answer for defendant, but the record does not show what counsel appeared on behalf of defendant in the Supreme Court.

VOORHIES, J. (SLIDELL, C. J., absent.) This is an action to annul a judgment obtained by the defendant against the plaintiff.

The plaintiff alleges that she was induced through ignorance of her legal rights to sign the following writing, viz: " We waive citation and service of petition, and confess judgment according to the prayer of the petition of *M. V. Babin* within, for the sum of three hundred and thirty-five dollars and ninety-two cents, with interest thereon at the rate of eight per cent. per annum, from the 1st of January, 1849, until paid, and costs of suit, with stay of execution until the 1st of December, 1849. March 16th, 1849.

(Signed,)
" JAMES C. DAWSON,
" MARY ANN DAWSON.

" Signed in presence of
" ENOS HEBERT."

That on the 16th of April, 1850, a judgment was rendered thereon, condemning her and her husband *in solido*, to pay said *Babin* the sum and interest as stated, and cost of suit. She avers that she signed said instrument as security for her husband for a debt contracted by him for things which he was bound to furnish to his family; and that said judgment, so far as it relates to her, is consequently null. On the further allegation that her property was seized and advertised for sale by the Sheriff, under an execution issued thereon, she obtained a writ of injunction. Her petition concludes with a prayer for the nullity of the judgment, and that her injunction be made perpetual. She is appellant from a judgment of the District Court rendered in favor of the defendant, dissolving her injunction with damages.

The record shows, that on the 27th of January, 1845, the plaintiff obtained a judgment of separation of property from her husband, grounded on his insolvency.

The nature of the demand, which formed the basis of the judgment sought to be annulled, is stated in the suit of *Babin*, to be for goods, wares and merchandize, sold and delivered by him to the plaintiff in the year 1848, for the use of her plantation. *Enos Hebert*, the only witness who appears to have been examined in this case, testified that the plaintiff herself purchased more

DAWSON
*v.*
BABIN.

than half of the articles set forth in the account on which judgment was rendered in favor of *Babin.*

On the merits, it is extremely doubtful whether the plaintiff would be entitled to any relief at our hands. It may be fairly inferred from the evidence, that she has the exclusive administration of her separate property, and that her husband is insolvent. " When the wife has obtained a separation of property, she must contribute in proportion to her fortune and to that of her husband, both to the household expenses and to the expenses of the education of their children. She is bound to support those expenses alone, if there remains nothing to her husband." C. C. 2409. One of the modes prescribed by law in which definitive judgments may he revised, set aside, or reversed, is, by action of nullity. "The causes for which the nullity of a definitive judgment may be demanded, are two fold; those that are relative to the form of proceeding, and those that appertain to the merits of the question tried." C. P. 605. In relation to the merits, it is clear that the causes urged by the appellant, are insufficient to authorize the revision or reversal of the judgment in this form of action. If available, it could only have been on appeal from the judgment. C. P. 607, 609.

The other grounds on which the appellant relies, are relative to the form of proceeding, and evidently intended to meet the provisions of Article 605, section 4, of the Code of Practice, in these words : " If the defendant has not been legally cited, and has not entered appearance, joined issue, or had not a regular judgment by default taken against him." But the facts of this case do not, in our opinion, justify such a conclusion. We consider as untenable, the propositions assumed by the appellant's counsel, that the written agreement in question was insufficient as a confession to authorize the judgment, and as being only intended in its effect to dispense with service of citation and petition; and that "a judgment by confession must be evidenced by authentic proof, either expressed in open court or before a notary and two witnesses." In support of the last proposition, the counsel has not favored us with any authority.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both courts.